# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 18-3027-01-CR-S-RK |
| WILLIAM W. CHAMLEE, | ) |
| Defendant. | ) |

## REPORT & RECOMMENDATION

Before the Court is Defendant's Motion to Dismiss: Speedy Trial. (Doc. 25.) Pursuant to 28 U.S.C. § 636(b) and Local Rule 72.1, this action has been referred to the undersigned for the purpose of submitting a report on all pretrial motions to dismiss the indictment. Defendant moves for a dismissal of all charges against him, with prejudice, claiming that the Speedy Trial Act, 18 U.S.C. § 3161 et seq., has been violated. The Government opposes the motion. (Doc. 26.) As follows, it is **RECOMMENDED** that the motion be **DENIED**.

**I. Findings of Fact**[1]

On February 21, 2018, the Government filed its Indictment against Defendant. On April 23, 2018, Defendant made his initial appearance before the undersigned on these charges. Trial was then scheduled to begin on June 11, 2018.

On May 11, 2018, Defendant's first attorney, Ian Lewis, filed a motion to continue the trial from June 11, 2018 to September 24, 2018. Mr. Lewis stated that additional time was needed "to conduct critical evaluations of the discovery, relevant guidelines, potential motions to suppress, and to otherwise make a global evaluation of the case and options to resolve this

---

[1] An evidentiary hearing is unnecessary, as the motion and response present no controverted facts. Also, per Local Rule 7.0, the undersigned finds no need to consider oral argument.

matter." Mr. Lewis further asserted that these reasons "outweigh the best interests of the public and the Defendant to a speedy trial," and that "the period of time until the next criminal trial docket should be excluded in computing the period of time in which the defendant should be brought to trial under the provisions of the Speedy Trial Act." On May 14, 2018, the undersigned continued the trial to September 24, 2018, finding "[f]ailure to grant the continuance would deny counsel for defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," and "the ends of justice served by granting a continuance outweigh the best interest of the public and defendant in a speedy trial."

On August 10, 2018, Mr. Lewis was allowed to withdraw as counsel due to a conflict of interest, and Jason Coatney was appointed to represent Defendant. On August 20, 2018, Mr. Coatney filed a second motion for continuance of the trial from September 24, 2018 to an unspecified future date, for the reason that he "ha[d] just recently entered his appearance and need[ed] additional time to obtain discovery, review and discuss same with client." Mr. Coatney also stated that "a continuance outweighs the best interests of the public and the defendant to a speedy trial." On August 21, 2018, the undersigned granted a second continuance of the trial to December 3, 2018, again finding "the ends of justice served by granting a continuance outweigh the best interest of the public and defendant in a speedy trial."

On November 7, 2018, Defendant filed the present motion to dismiss the indictment, arguing that the Court "is compelled to dismiss the charges against defendant" because "more than 70 days have elapsed since the filing of the indictment on February 21, 2018 and the defendant's initial appearance before the United States Magistrate on these charges on April 23, 2018."

2

**II. Conclusions of Law**

The Speedy Trial Act requires trial to commence within 70 days of the filing of the indictment or the defendant's first appearance, "whichever date last occurs." 18 U.S.C. § 3161(c)(1). However, delays resulting from the filing of any pretrial motions are excluded from the 70-day time period within which the trial must commence. 18 U.S.C. § 3161(h)(1)(D). Additionally, delays resulting from continuances granted at the request of the defendant's attorney are excludable, but only if the court sets forth "its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In determining whether to grant a continuance, the court should consider whether the failure to grant the continuance would be likely to "result in a miscarriage of justice" or would deny counsel for the defendant "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B). The defendant bears the burden of showing that his statutory right to a speedy trial has been violated. *United States v. Williams*, 557 F.3d 943, 950 (8th Cir. 2009).

Here, the 70-day time period under the Speedy Trial Act started running when Defendant first appeared on April 23, 2018, as this date fell after the indictment. On May 11, 2018, Defendant filed his first motion to continue the trial from June 11, 2018 to September 24, 2018. At this point, 18 non-excludable days, from April 23, 2018 to May 11, 2018, had elapsed. On May 14, 2018, the undersigned granted the motion, finding a continuance served the ends of justice. Thus, the period of delay resulting from the continuance on Defendant's motion from May 11, 2018 to September 24, 2018, is excludable under Sections 3161(h)(1)(D) and (h)(7)(A).

Then, on August 20, 2018, Defendant filed his second motion to continue the trial from September 24, 2018 to an unspecified future date. Finding the ends of justice served again, the

undersigned granted a continuance, resetting the trial to December 3, 2018. Consequently, the period of delay resulting from the continuance at Defendant's request from September 24, 2018 to December 3, 2018 is also excludable under Section 3161(h)(7)(A).

Furthermore, under Section 3161(h)(1)(D), the period of delay from November 7, 2018, the date the instant motion was filed, to the date of its disposition, will also be excludable.

### III. Recommendation

Based on the foregoing, the undersigned concludes that only 18 of the 70 days provided for trial to commence have run. As a result, Defendant has failed to meet his burden of showing that more than 70 non-excludable days have elapsed in violation of the Speedy Trial Act. Therefore, it is **RECOMMENDED** that the Motion to Dismiss: Speedy Trial be **DENIED**.

/s/ *David P. Rush*
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: December 6, 2018